*This opinion is subject to revision before final publication in the Pacific Reporter*

**2025 UT 48**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee,*

*v.*

CHRISTOFFER ALAN HARRIS,
*Appellant.*

No. 20250138
Heard July 16, 2025
Filed October 30, 2025

On Direct Appeal

First District Court, Logan
The Honorable Brian G. Cannell
No. 231101518

Attorneys:

David Drake, Midvale, for appellant

Derek E. Brown, Att'y Gen., Hwa Sung Doucette, Asst. Solic. Gen.,
Salt Lake City, for appellee

JUSTICE HAGEN authored the opinion of the Court, in which
JUSTICE PETERSEN and JUSTICE POHLMAN joined.

CHIEF JUSTICE DURRANT authored a dissenting opinion, in which
JUDGE BLANCH joined.

Due to his pending retirement, ASSOCIATE CHIEF JUSTICE PEARCE
does not participate herein; DISTRICT COURT JUDGE
JAMES T. BLANCH sat.

JUSTICE HAGEN, opinion of the Court:

## INTRODUCTION

¶1    Christoffer Alan Harris is currently detained without bail while he awaits trial on charges of sexual assault involving a minor. Shortly after his arrest, Harris filed a motion for pretrial release. The district court denied the motion, finding that there was substantial evidence to support the charges and that Harris posed both a danger and a flight risk. Harris chose not to appeal that decision.

¶2    Several months later, Harris moved to modify the pretrial order, arguing that evidence had come to light that weakened the State's case and that this development constituted a material change in circumstances. The court found that there was no material change in circumstances and denied the motion to modify, thereby allowing Harris's detention to continue. Harris appealed from the denial of his motion to modify. But the State argues that we lack jurisdiction to hear this appeal because a criminal defendant has no right to an immediate appeal from the denial of a motion to modify.

¶3    By statute, a criminal defendant has the right to an immediate, expedited appeal from "a pretrial status order that orders the individual be detained during the time the individual awaits trial or other resolution of criminal charges." UTAH CODE § 77-20-209. We hold that this statute applies to an order denying a motion for pretrial release as well as an order granting a motion to modify that results in ordering the defendant be detained. But it does not apply to the denial of a motion to modify an existing order of detention because such a ruling is not "a pretrial status order that orders the individual be detained."

¶4    Because Harris did not appeal the ruling that ordered his detention, he lost his opportunity to an expedited appeal as of right. The denial of a motion to modify a pretrial order, like most other interlocutory rulings, can still be appealed if an appellate court exercises its discretion to grant interlocutory review.[1] But because Harris did not petition for interlocutory review of the modification

---

[1] Certain nonfinal rulings may be subject to our writ authority as well, *see* UTAH R. CIV. P. 65B; UTAH R. APP. P. 19, but neither party suggests that a writ would be appropriate here and no petition for a writ was filed.

ruling within the time allowed by statute, he missed out on that opportunity as well. We are left with no basis on which to exercise jurisdiction over this appeal and must therefore dismiss.

## BACKGROUND[2]

¶5    In December 2023, law enforcement received a report that seventeen-year-old Claire[3] was missing without her cellphone or a change of clothes. During the month leading up to her disappearance, Claire sent over a thousand texts to an unknown number. She also had a conversation over her family's gaming device in which she and another player discussed the possibility of "liv[ing] together or be[ing] together." Police traced both the unknown number and the other player's account to Christoffer Alan Harris, a thirty-nine-year-old man.

¶6    Just over a week later, police located and apprehended Harris and Claire together in rural Oregon. While still in Oregon, Claire received a medical exam and participated in several interviews including one with the Oregon Children's Justice Center. Claire said that Harris had visited her in Utah around the end of October and that "sexual intercourse first occurred between [Claire] and [Harris] sometime before [Harris] took [Claire]" to Oregon. Claire also indicated that she and Harris "had been sexually active or had engaged in sexual intercourse recently," anywhere from three to seven days before she was interviewed by police. At the time of the Oregon interview, Claire claimed that she had lied to Harris about her age and had not revealed that she was seventeen until shortly before police arrived.

¶7    Based on the statements Claire made in Oregon, the state of Utah initially charged Harris with one count of kidnapping (a second-degree felony) and one count of unlawful sexual conduct with a sixteen- to seventeen-year-old (a third-degree felony). But the State later amended those charges based on statements Claire made during a follow-up interview at the Utah Children's Justice Center.

¶8    In her Utah interview, Claire said that Harris initially told her he was twenty-three or "possibly a little older." She also said

---

[2] We recite the facts as alleged by the State but emphasize that because the case has not yet gone to trial, the facts remain unproven allegations.

[3] A pseudonym.

that Harris knew all along that she was only seventeen. Claire said that she had made her intention clear to Harris that she intended to leave with him for "possibly only one night," not permanently. She also said that she left in part because of his "persistent coaxing" and out of fear "due to his threats to simply kidnap her." Claire described Harris repeatedly raping her and forcing her to perform other sexual acts. She said Harris threatened her, forced her to smoke marijuana and methamphetamine, and "detain[ed] her against her will."

¶9    In response to the new information Claire provided, the State filed an amended information charging Harris with fifty felonies, twelve of them first-degree felony offenses, including aggravated human trafficking, aggravated kidnapping, rape, forcible sodomy, and aggravated sexual exploitation of a minor.

¶10  After the charges were amended, a magistrate issued a no-bail warrant for Harris's arrest. The magistrate found that detention pending Harris's initial appearance was warranted "[d]ue to extensive additional charges and supporting substantial/clear and convincing evidence, risk to the alleged victim and public, and flight risk."

¶11  Harris was arrested and brought before a judge for an initial appearance. The State argued that Harris should be held without bail pending trial due to the nature of the charges, the potential risk he presented to the community, and the risk of flight. Defense counsel reserved the right to argue bail after speaking with Harris. The district court ordered that Harris would continue to be held without bail in the interim.

¶12 Harris then filed a motion for pretrial release. Harris argued that he posed "no danger to [Claire]" because she was "not injured nor harmed in any way" during her time with Harris, she "advocated for him" while outside his presence, she admitted that she went to Oregon with him voluntarily, and she told police in Oregon "that she initiated all physical intimacy with him." Harris also filed the transcript of Claire's Oregon interview to argue that the contradictions in her statements undermined the evidence against him.

¶13 At the pretrial detention hearing, the district court considered the parties' briefing, proffered testimony, and documentary evidence consisting of Claire's text messages, Claire's medical assessment, the Oregon interview, an incident report, and an Oregon judgment against Harris following a guilty plea. On

October 15, 2024, the court denied Harris's motion after determining that the State had "demonstrated substantial evidence to support the charge" and that Harris was "a risk to the victim, to himself and to young women in the public." The court also concluded that Harris was a flight risk because he had taken Claire, a minor, across state lines and had fled from police in Oregon. Harris did not appeal that decision.

¶14 Several months later, Harris filed a motion to modify his pretrial release based on what he argued was a material change of circumstances.[4] Harris identified the material change in circumstances as the receipt of the DNA test results from Claire's medical exam. According to Harris, the vaginal/cervical swabs collected during Claire's examination tested negative for the presence of male DNA, "thus, clearing [Harris] from the accusation of rape." In the motion, Harris repeated his earlier argument that the discrepancies between Claire's interviews in Oregon and Utah did not amount to substantial evidence to support the charges and argued that the lack of any male DNA evidence underscored that argument.

¶15 On March 20, 2025, the district court denied Harris's request, determining that there was no material change in circumstances. The court reasoned that "DNA or lack of DNA is not an element of any of these particular crimes and is an issue" for trial. The court concluded that Harris would "continue to be held consistent with the [c]ourt's prior ruling."

¶16 Harris filed a notice of appeal from the district court's denial of the motion to modify. Our court initially transferred the appeal to the Utah Court of Appeals, *see* UTAH R. APP. P. 42(a), before vacating the transfer order and recalling the appeal back to our court.

---

[4] Harris, and in turn the district court, called the motion a "Second Motion for Pretrial Release," but "it is the substance, not the labeling, of a motion that is dispositive in determining the character of the motion." *Bishop v. GenTec Inc.*, 2002 UT 36, ¶ 28, 48 P.3d 218 (cleaned up). Because we conclude that the substance and purpose of Harris's second motion was to modify the pretrial status order that ordered him detained pending trial, we will refer to his second motion as a motion to modify. Harris acknowledges as much in his briefing, stating that the motion "was brought as a modification."

## ISSUE AND STANDARD OF REVIEW

¶17   The parties debate whether this court has jurisdiction to hear Harris's appeal, arguing over whether defendants have a right to appeal a denied motion to modify. *See* UTAH CODE § 77-20-209 (2024).[5] "Whether this court has jurisdiction over an appeal is a question of law that can be raised for the first time on appeal . . . ." *Weber County v. Ogden Trece*, 2013 UT 62, ¶ 21, 321 P.3d 1067 (cleaned up). If we determine that we lack jurisdiction, we "retain[] only the authority to dismiss the appeal." *Id.* (cleaned up).[6]

## ANALYSIS

¶18   In Utah, when an individual is arrested, a magistrate must issue a "temporary pretrial status order." UTAH CODE § 77-20-205(1)(a) (2024). That temporary order can do one of three things: (1) release the defendant on the defendant's "own recognizance," (2) impose "terms and conditions" on the defendant's release, or (3) order the defendant be "detained." *Id.* § 77-20-102(21)(a)–(c) (2024). That order stays in place until a "pretrial status order" is issued. *See id.* § 77-20-205(2) (2024).

¶19   Thereafter, a defendant must be brought before a judge for an initial appearance. At the first appearance the judge normally issues a pretrial status order. *Id.* The judge may delay the issuance of the order if the prosecutor moves for detention, thereby necessitating a pretrial detention hearing, "if a party requests a delay," or "if there is good cause to delay." *Id.* § 77-20-205(2)(b)(ii), (iii) (2024). If there is a delay, the judge must extend the temporary

---

[5] The parties disagree as to which version of the Utah Code applies. When faced with this conundrum, "we apply the law as it exists at the time of the event regulated by the law in question." *State v. Clark*, 2011 UT 23, ¶ 13, 251 P.3d 829. Concerning a party's "procedural rights and responsibilities," the event regulated "is the underlying procedural act (e.g., filing a motion or seeking an appeal)." *Id.* ¶ 14 (cleaned up). Here, there are two underlying procedural acts: the court's denial of Harris's motion to modify on January 23, 2025, and Harris's notice of appeal filed on February 7, 2025. Because the 2024 version of the code was in effect at the time of both events, we apply that version throughout this opinion.

[6] Harris raises two other issues on appeal but because we dismiss the appeal for lack of jurisdiction, we do not have authority to address those issues.

pretrial status order until a pretrial status order is issued. *Id.* § 77-20-205(2)(c) (2024).

¶20 Much like its temporary counterpart, a pretrial status order does one of three things while a defendant "awaits trial or other resolution of criminal charges": (1) releases the defendant on the defendant's "own recognizance," (2) "sets the terms and conditions" of the defendant's release, or (3) "denies pretrial release" and orders the defendant "be detained." *Id.* § 77-20-102(17)(a)–(c) (2024). A judge may choose the third option—detaining the defendant without bail—only under specific circumstances. *See id.* § 77-20-201(1) (2024). Relevant here, a judge may detain a defendant without bail if there is "substantial evidence to support the [felony] charge and the court finds, by clear and convincing evidence, that" the defendant is either "a substantial danger to any other individual or to the community" or "likely to flee the jurisdiction of the court." *Id.* § 77-20-201(1)(c)(i)–(ii) (2024).

¶21 If detained without bail, the defendant has the right to appeal that decision. The statute granting the right to appeal states:

> If a magistrate or judge issues a pretrial status order that orders the individual be detained during the time the individual awaits trial or other resolution of criminal charges, the individual has the right to an expedited appeal of the pretrial status order.

*Id.* § 77-20-209 (2024); *see also id.* § 77-18a-1(1)(d) (2024) ("A defendant may, as a matter of right, appeal from . . . an order denying bail under Chapter 20, Bail."). The defendant must file a notice of the appeal within thirty days after the judge enters the order. UTAH R. APP. P. 4(a).

¶22 Once a pretrial status order is in place, either party may later file a motion to modify that order. UTAH CODE § 77-20-207(1) (2024). To succeed, the moving party must show "that there has been a material change in circumstances." *Id.* As defined by statute, a "[m]aterial change in circumstances" includes:

(i) an unreasonable delay in prosecution that is not attributable to the defendant;

(ii) a material change in the risk that an individual poses to a victim, a witness, or the public if released due to the passage of time or any other relevant factor;

(iii) a material change in the conditions of release or the services that are reasonably available to the defendant if released;

(iv) a willful or repeated failure by the defendant to appear at required court appearances; or

(v) any other material change related to the defendant's risk of flight or danger to any other individual or to the community if released.

*Id.* § 77-20-102(10)(a) (2024). A "'[m]aterial change in circumstances' does not include any fact or consideration that is known at the time that the pretrial status order is issued." *Id.* § 77-20-102(10)(b) (2024).

¶23 The court may grant the motion and "modify the pretrial status order, including the conditions of release," only if the court finds "that there has been a material change in circumstances." *Id.* § 77-20-207(4)(c)(i) (2024). If the judge grants a party's motion, the new order is referred to as a "modified pretrial status order." *See id.* § 77-20-207(5)–(6) (2024).

¶24 In this case, the no-bail arrest warrant constituted a temporary pretrial status order that ordered Harris detained pending his initial appearance. At that hearing, the court delayed the issuance of a pretrial status order at Harris's request. Once Harris filed a motion for pretrial release, the court held an evidentiary hearing and issued a pretrial status order ordering that Harris be detained pending trial. Harris did not appeal that order. Later, Harris filed a motion to modify his pretrial detention, but the court denied the motion without an evidentiary hearing because Harris had not demonstrated a material change in circumstances. As a result, no modified pretrial status order was issued.

¶25 The question before us is whether the denial of a motion to modify is immediately appealable as of right under section 77-20-209. The answer lies in the plain language of the statute. When interpreting a statute, "our primary goal is to evince the true intent and purpose of the legislature," the best evidence of which "is the plain language of the statute itself." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 14, 267 P.3d 863 (cleaned up). Thus, our analysis begins with the statute's text. *McKitrick v. Gibson*, 2021 UT 48, ¶ 19, 496 P.3d 147. In our analysis, "we presume, absent a contrary indication, that the legislature used each term advisedly." *Id.* (cleaned up). And where a plain text analysis reveals an answer

to the statutory interpretation question before us, we need not make use of other interpretative tools. *See id.*

¶26   Under section 77-20-209, a defendant has a right to appeal when the court "issues a pretrial status order that orders the individual be detained during the time the individual awaits trial or other resolution of criminal charges." The October 2024 order denying Harris's motion for pretrial release fell within the terms of the statute because it was a pretrial status order that ordered Harris detained pending trial. Unquestionably, Harris had a right to an expedited appeal of that order but chose not to exercise that right.

¶27  In contrast, the denial of Harris's motion to modify in March 2025 does not fit within the terms of the statute. The denial of a motion to modify does not result in a pretrial status order that "orders the individual be detained." UTAH CODE § 77-20-209 (2024). Because there is an existing pretrial status order in place that the court has declined to modify, the original pretrial status order remains in effect. A defendant cannot restart the clock by bringing an unsuccessful motion to modify an order for which the time to appeal has already expired.

¶28   Our conclusion does not mean that a motion to modify can never result in a pretrial detention order that a defendant can appeal as of right. If, for example, a defendant had been previously released, the State could file a motion to modify seeking detention. If the court granted that motion, it would result in a modified pretrial status order that "order[ed] the individual be detained." *Id*. In that circumstance, that defendant would have the right to appeal the order granting the motion to modify.

¶29  But the court's denial of a motion to modify a pretrial status order will never be immediately appealable as of right. Such a ruling does not result in a modified pretrial status order nor does it detain the defendant. Rather, the denial of such a motion merely maintains the status quo.

¶30  Our dissenting colleagues read our interpretation of section 77-20-209 as "exclud[ing] continued detention under a preexisting order" and thereby "suggesting the only appealable pretrial status order is the one when a defendant shifts from being released to being in custody." *Infra* ¶ 44. And because a defendant may be "detained originally through the temporary pretrial status order, the first pretrial status order may continue that detention." *Infra* ¶ 48. Thus, the dissent contends that under our reading of the statute "only Harris's temporary pretrial status order should be

appealable, since that is the first instance when the judge moved him into pretrial detention." *Infra* ¶ 48.

¶31 But our reading of the statute's plain language does not produce that result. Section 77-20-209 allows for a right to an expedited appeal from "a pretrial status order that orders the individual be detained *during the time the individual awaits trial or other resolution of criminal charges*." UTAH CODE § 77-20-209 (2024) (emphasis added). A temporary pretrial status order—like a no-bail warrant—can only order "that the individual be detained until a pretrial status order is issued." *Id.* § 77-20-(21)(c) (2024). And the pretrial status order is not issued until the court holds a detention hearing. *Id.* § 77-20-206(4)(c) (2024). So, while the defendant may already be in custody under the terms of a temporary pretrial status order, the pretrial status order is the only one that detains the defendant "during the time the individual awaits trial." *Id.* § 77-20-209 (2024); *see also id.* § 77-20-102(17) (2024). Thus, it is not until the detention hearing that the court issues a pretrial status order within the meaning of section 77-20-209.

¶32 Moreover, our interpretation of section 77-20-209 does not render the denial of a motion to modify unreviewable. As with other non-final orders, a defendant may petition for interlocutory review. *See id.* § 77-18a-1(2); UTAH R. APP. P. 5(a). Here, Harris did not seek an interlocutory appeal but instead attempted to directly appeal the denied motion, which he has no statutory right to do.[7]

¶33 This conclusion abrogates in part *State v. Groce*, 2024 UT App 166, 560 P.3d 200, and *State v. Stubbs*, 2025 UT App 48, 569 P.3d 250, in which the court of appeals held that defendants have an appeal as of right from a ruling denying a motion to modify pretrial detention. In *Groce*, that court held that "a defendant may appeal not only the original pretrial detention order, but also subsequent orders in which the court keeps the defendant in pretrial detention." 2024 UT App 166, ¶ 36. But the statute, by its terms, does not apply to any subsequent ruling that "*keeps* the defendant in pretrial detention." *Id.* (emphasis added). It applies only when

---

[7] When the availability of an appeal as of right is in doubt, parties may wish to timely file both a notice of appeal and a petition seeking interlocutory review of the same ruling. This is a common practice to protect a party's right to seek discretionary review if the appellate court concludes that the party is not entitled to a direct appeal.

the district court "issues a pretrial status order that orders the individual be detained." UTAH CODE § 77-20-209 (2024). When the court finds that there has been no material change in circumstances that justifies revisiting an existing pretrial status order, that ruling may have the effect of keeping the defendant in detention, but it does not result in "a pretrial status order that orders the individual be detained." By holding that any subsequent order that "keeps the defendant in pretrial detention" is appealable, the court of appeals in *Groce* expanded the statute beyond its express terms. 2024 UT App 166, ¶ 36

¶34 Both parties make persuasive policy arguments about why a defendant should or should not have a right to immediately appeal a denial of a motion to modify. But we are not deciding whether it is preferable, as a policy matter, to allow a defendant to immediately appeal under these circumstances. Such policy concerns might come into play if we were being asked to exercise our discretion to hear an interlocutory appeal. But because Harris filed only a direct appeal, we are presented with a nondiscretionary legal question: whether the legislature has granted defendants a right to an immediate appeal that would vest this court with jurisdiction.

¶35 When we interpret a statute like section 77-20-209, "what the legislature should do is not the question. Rather it is what the legislature has done." *See Gottling v. P.R. Inc.*, 2002 UT 95, ¶ 23, 61 P.3d 989 (cleaned up). Our job is not to reweigh the relevant policy considerations, but to interpret the intent of the legislature from the statutory language they have given us. The statutory language at issue here gives a defendant an immediate appeal as of right only in very specific circumstances—when the court "issues a pretrial status order that orders the individual be detained." UTAH CODE § 77-20-209 (2024). The legislature could have enacted statutory language granting a right to appeal any ruling regarding pretrial detention, but it chose not to do so.

¶36 Even if we were to agree with Harris that the better policy would be to allow an appeal as of right from the denial of a motion to modify, this court cannot manufacture its own jurisdiction. *See* UTAH CONST. art. VIII, § 3 ("The Supreme Court shall have appellate jurisdiction over all other matters to be exercised as provided by statute . . . ."). In the absence of a constitutional challenge, we are bound by the statutory language enacted by the legislature. And the language in section 77-20-209 is not broad

enough to grant defendants an immediate appeal as of right from an order denying a motion to modify pretrial detention.

## CONCLUSION

¶37   A defendant has a statutory right to immediately appeal a pretrial status order that orders the defendant be detained pending trial. Under the statute, Harris could have appealed the district court's pretrial status order that ordered him detained. He did not. When the district court denied Harris's motion to modify that pretrial status order, he could have sought permission to file an interlocutory appeal. He did not. Instead, he filed only a direct appeal from the denial of his motion to modify. But that ruling did not result in a modified pretrial status order ordering that he be detained; it merely left his pre-existing and un-appealed pretrial status order intact. Because the legislature has not granted defendants an immediate appeal as of right in these circumstances, we lack jurisdiction and dismiss Harris's appeal.

———————

CHIEF JUSTICE DURRANT, dissenting:

¶38  Pretrial status orders may be appealed on an expedited basis when they (1) deny pretrial release and (2) order a person be detained.[8] The order Harris seeks to appeal does both. The majority concludes that the order at issue here did not order that Harris "be detained" because he was already detained.[9] I disagree. The language "be detained" is inclusive of continued detention. I therefore conclude that we have jurisdiction to consider Harris's appeal.[10]

¶39  In so concluding, I rely on the plain language of the governing statute. And while that plain language is unambiguous, the statutory scheme for pretrial release bolsters my conclusion, particularly the provisions that define the multiple opportunities provided trial courts to reevaluate a defendant's pretrial release status.

———————

[8] UTAH CODE § 77-20-209 (2024).

[9] *Supra* ¶ 37.

[10] I dissent only on the issue of our jurisdiction to consider Harris's appeal. I offer no opinion on the merits of his appeal or otherwise consider the propriety of the district court's detention decision.

¶40 As recounted in the majority opinion, the right to appeal a pretrial status order is provided by Utah Code section 77-20-209. This is a relatively new statute, adopted in 2023,[11] that we have not yet interpreted. It reads: "If a magistrate or judge issues *a pretrial status order* that orders the individual *be detained* during the time the individual awaits trial or other resolution of criminal charges, the individual has the right to an expedited appeal of the pretrial status order."[12]

¶41 I disagree with the majority's interpretation of the new statute. I see it this way. "Pretrial release" and "pretrial status order" are defined terms in the pretrial release statutes. "Pretrial release" is the release of a person from custody while that person awaits trial or other resolution of criminal charges.[13] A "pretrial status order" is an order in which the judge does one of three things: (1) releases a person on the person's own recognizance, (2) sets terms for pretrial release, or (3) "denies pretrial release and orders that the individual be detained while the individual awaits trial or other resolution of criminal charges."[14] The expedited right to appeal is triggered by the third option.

¶42 The legislature did not include language limiting, distinguishing, or otherwise specifying that the appeal is available only for the first pretrial status order that places a defendant in detention.[15] The legislature imposed only two criteria necessary to a right to appeal: that the pretrial status order (1) "den[y] pretrial

---

[11] Pretrial Release Modifications, H.B. 317 § 9, 2023 Leg., Gen. Sess. (available at https://le.utah.gov/av/committeeArchive.jsp?timelineID=223655).

[12] Utah Code § 77-20-209 (emphasis added).

[13] *Id.* § 77-20-102(14).

[14] *Id.* § 77-20-102(17) (emphasis added).

[15] *See generally State v. Groce*, 2024 UT App 166, ¶ 36, 560 P.3d 200 (relying on the indefinite article "a" in section 77-20-209—"a pretrial status order"—to mean "any" pretrial status order could be appealed, as opposed to an original or first pretrial status order); *State v. Stubbs*, 2025 UT App 48, ¶ 17, 569 P.3d 250 (concluding the same).

release," and (2) "order[] that the individual be detained while the individual awaits trial or other resolution of criminal charges."[16]

¶43 The order Harris appeals meets both these criteria, as explained below. Harris filed a document entitled "Second Motion for Pretrial Release," relying on Utah Code section 77-20-207, which allows parties to seek modification of a pretrial status order. The court held an evidentiary hearing. Ruling from the bench, the court denied the motion for pretrial release and ordered that "the defendant will continue to be held consistent with the Court's prior ruling." While the majority characterizes the court's order as one denying a motion to modify,[17] I see it as the district court did: as an order denying Harris's Second Motion for Pretrial Release. The district court's order meets the definition of a "pretrial status order" because it denied pretrial release and ordered that Harris continue to be held in detention.[18]

¶44 This leads to the crux of my disagreement with the majority on our respective interpretations—whether "be detained" used in section 77-20-209 includes continued detention. The majority interprets "be detained" to exclude continued detention under a preexisting order, suggesting the only appealable pretrial status order is the one when a defendant shifts from being released to being in custody.[19] I disagree.

¶45 "Detain" is a verb that references both an initial action and a continued action. Merriam-Webster defines the verb "detain" as "to hold or keep in or as if in custody," and "to restrain especially from proceeding."[20] Black's Law Dictionary similarly defines the verb "detain" as "[t]he act or an instance of holding a person in custody; confinement or compulsory delay."[21] Applying those definitions, an order that a person "be detained" necessarily includes orders that begin or that continue the act of being held,

---

[16] UTAH CODE § 77-20-102(17) (defining "pretrial status order").

[17] *See supra* ¶¶ 17, 29.

[18] *See* UTAH CODE § 77-20-102(17).

[19] *See supra* ¶¶ 26–27.

[20] MERRIAM-WEBSTER DICTIONARY, *detain* (2025 ed.).

[21] BLACK'S LAW DICTIONARY, *detention* (12th ed. 2024) (including the definition of the verb "detain").

kept in, or restrained from proceeding. Our court of appeals has consistently reached that result in interpreting section 77-20-209.[22]

¶46 My conclusion is reinforced by a broader examination of the pretrial release statutory scheme as a whole.[23] The majority's conclusion is inconsistent with that scheme.

¶47 As the majority aptly explained, pretrial detention decisions begin first with the arrest warrant or criminal summons.[24] Based only on probable cause, or in some instances information reasonably available to the judge, the judge can include with the arrest warrant a temporary pretrial status order that orders detention at that early stage of a criminal case.[25] A "temporary pretrial status order" is another defined term, limited to the time "until a pretrial status order is issued."[26]

¶48 While "temporary pretrial status orders" and "pretrial status orders" have some distinctions,[27] and the majority notes the

---

[22] Since the 2023 amendments to the pretrial release statutes, there have been three appeals of motions modifying pretrial status orders in the court of appeals: *Groce* and *Stubbs*, which the majority abrogates in part, *supra* ¶ 31, and one other decided shortly before oral argument in this case. *See generally State v. Dowhaniuk*, 2025 UT App 100, ¶¶ 8–9, 574 P.3d 1000 (allowing an appeal of a "Second Modification Order" which continued the pretrial detention ordered through a preceding pretrial status order).

[23] *Grillone v. Peace Officer Standards & Training Council*, 2025 UT 7, ¶ 36, 567 P.3d 576 ("[W]hen our court engages in statutory interpretation, we do not look at the pertinent provision in isolation. We instead examine the statute's plain language in light of the relevant context of the statute." (cleaned up)); *Sunstone Realty Partners X LLC v. Bodell Constr. Co.*, 2024 UT 9, ¶ 11, 545 P.3d 260 ("This process [of statutory interpretation] does not look at statutory language in isolation; instead, "each section must be read in the context of the entire act." (cleaned up)).

[24] UTAH CODE § 77-20-205(1)(a)–(b) (2024).

[25] *Id.* § 77-20-205(1)(a)(iii), (c); *cf.* UTAH R. CRIM. P. 9A(b)(1), (d).

[26] UTAH CODE § 77-20-102(22).

[27] *State v. Seat*, 2022 UT App 143, ¶¶ 28–29, 37, 523 P.3d 724 (examining the "variety of substantive changes" made to the

(continued . . .)

difference in the duration of a temporary order,[28] the fact remains that when a defendant is detained originally through the temporary pretrial status order, the first pretrial status order may continue that detention. That is what occurred here. The judge first ordered Harris be detained through the arrest warrant, which included a temporary pretrial status order.[29] Applying the majority's logic, only Harris's temporary pretrial status order should be appealable, since that is the first instance when the judge moved him into pretrial detention.

¶49 I decline to interpret the pretrial release statutes in a way that supports that result.[30] Under the current statutory scheme, pretrial release is a continuing issue that trial courts must reconsider throughout the life of a criminal case based on the available information and changing circumstances.

¶50 The statutory scheme provides ongoing opportunities to evaluate, reevaluate, and potentially change a defendant's pretrial detention status at various points. The first point is in conjunction with the arrest warrant or summons.[31] The next point is at the initial appearance, where pretrial detention is either *continued* from a temporary pretrial status order; ordered where it was not ordered before; or not ordered at all, with or without conditions for release.[32] The next point of reevaluation is in response to a motion to modify,[33] or a modification can be made on the court's own

---

pretrial release statutes in 2021 and recognizing the new distinction between a temporary pretrial status order, which can be ordered without a hearing, and a pretrial status order, which requires a hearing).

[28] *See supra* ¶ 30.

[29] *See supra* ¶ 24.

[30] *See Jackson v. Mateus*, 2003 UT 18, ¶ 21, 70 P.3d 78 ("[S]tatutory enactments are to be so construed as to render all parts thereof relevant and meaningful, and interpretations are to be avoided which render some part of a provision nonsensical or absurd.").

[31] UTAH CODE § 77-20-205(1) (2024).

[32] *Id.* § 77-20-205(2); UTAH R. CRIM. P. 7(c)(1).

[33] UTAH CODE § 77-20-207; UTAH R. CRIM. P. 7(c)(2)–(4).

motion.[34] Again, pretrial detention might be continued, ordered, or changed to conditional or unconditional release.[35]

¶51  In this statutory context, characterized by multiple points to reevaluate whether a person should remain in detention, an order that "denies pretrial release and orders that the individual be detained" necessarily includes orders that mandate detention to *continue*. Section 77-20-209 anticipates the shifting landscape of pretrial detention, by allowing the direct and expedited appeal of pretrial status orders as they are issued. To hold otherwise limits the right to appeal to the first order placing a person in detention and runs contrary to a statutory scheme that mandates continued reevaluation, inclusive of the opportunity to appeal.

¶52  As a final note, I briefly address Harris's direct right to appeal through a related statute, section 77-18a-1(1)(d).[36] Utah Code section 77-18a-1(1)(d) predated section 77-20-209 and now exists concurrent with it. Section 77-18a-1(1)(d) provides the direct right to appeal "an order denying bail under Chapter 20, Bail."[37] The legislature redefined "bail" in 2023 as "pretrial release."[38] In many instances, an appeal of a pretrial release order becomes moot because of the short timeline in criminal cases or because cases

---

[34] UTAH CODE § 77-20-207.

[35] *Id.*

[36] *See Croft v. Morgan Cnty.*, 2021 UT 46, ¶ 15, 496 P.3d 83 ("Our object in interpreting a statute is to determine the intent of the legislature. To do so, we first look to the text of the statute and seek to interpret it 'in harmony with other statutes in the same chapter and related chapters.'"(cleaned up)). The majority concludes Harris has only an interlocutory right to appeal. *See supra* ¶ 32.

[37] Before the 2021 pretrial release reforms, this subsection read, "A defendant may, as a matter of right, appeal from: . . . (d) an order denying bail, as provided in Subsection 77-20-1(9)." Utah Code § 77-18a-1(d) (2020).

[38] UTAH CODE § 77-20-102(a)(1); *see also* Pretrial Release Modifications, H.B. 317 § 9, 2023 Leg., Gen. Sess. (available at https://le.utah.gov/av/committeeArchive.jsp?timelineID=223655).

resolve by plea agreement.[39] But the direct right to appeal remained, even if only appearing periodically in our jurisprudence.[40]

¶53 The newer statute, section 77-20-209, provides for an expedited appeal. The only criteria that must be met in order to be entitled to expedited review is that the trial court deny pretrial release and order a person detained. As I have noted throughout, the order Harris appeals meets these two criteria because an order that a person "be detained" plainly includes an order that continues detention.

## CONCLUSION

¶54 In conclusion, section 77-20-209 provides an expedited right to appeal a pretrial status order that (1) denies pretrial release and (2) orders the individual be detained while the individual awaits trial or other resolution of criminal charges. An order that a person "be detained" necessarily includes an order that continues detention. To hold otherwise runs contrary to the statutory scheme that prescribes various points to reevaluate pretrial detention. Neither the plain language nor the overall statutory scheme for pretrial release supports the majority's result. I conclude we do have jurisdiction to consider Harris's appeal because the district court's order meets these two criteria; it denied his request for pretrial release and continued his detention.

––––––––––––

[39] *Seat*, 2022 UT App 143, ¶ 40 (discussing the direct right to appeal.

[40] *Id.* ¶¶ 40–46.